UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDUVIGIS PEREZ,<br><br>  Plaintiff,<br><br>v.<br><br>SETERUS, INC., *et al.*,<br><br>  Defendants. | Civil Action No.: 17-5862 (JLL)<br><br>**OPINION** |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of Defendants Federal National Mortgage Association ("Fannie Mae") and Seterus, Inc.'s ("Seterus") (collectively, "Defendants") Motion to Dismiss Plaintiff Eduvigis Perez's ("Plaintiff") Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 14). Plaintiff has submitted Opposition. (ECF No. 19). For the reasons stated herein, the Court grants Defendants' Motion to Dismiss Counts I, II, III, and IV with prejudice. Furthermore, the Court grants Defendants' Motion to Dismiss Count V without prejudice to allow Plaintiff leave to amend her Complaint.

**BACKGROUND**[1]

In May 2007, Plaintiff executed a mortgage in favor of American Financial Resources, Inc., for $304,000. (ECF No. 1 ("Compl.") ¶ 9). The mortgage loan was subsequently sold and

---

[1] This background is derived from Plaintiff's Complaint, which the Court must accept as true at this stage of the proceedings. *See Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009).

has been owned by Fannie Mae since January 2010. (*Id.* ¶¶ 10–11). In April 2015, the servicing of the mortgage was transferred to Seterus. (*Id.* ¶¶ 26–27). Plaintiff alleges that she made 46 consecutive monthly payments since October 2012. (*Id.* ¶ 24). Plaintiff further asserts that, despite these payments, Seterus wrongfully claimed that Plaintiff was delinquent on the mortgage loan. (*Id.* ¶ 32). In April 2016, Seterus sent a letter to Plaintiff declaring that she was in default on her mortgage loan and began rejecting some of Plaintiff's attempted payments. (*Id.* ¶ 36–37). Seterus subsequently filed a foreclosure action in Bergen County, New Jersey. (*Id.* ¶ 39). Plaintiff did not file a response or otherwise contest the foreclosure action, but instead attempted to communicate with Seterus in order to correct the alleged billing error. (*Id.* ¶ 40). On February 22, 2017, the Bergen County Court entered a final judgment against Plaintiff in the foreclosure action. (*Id.* ¶ 43).

Plaintiff then brought an action in this Court seeking damages and restitution for Defendants' alleged failure to account for her prior payments and its declaration that Plaintiff was in default. Plaintiff alleges Counts I (breach of contract) and II (breach of good faith and fair dealing) against Seterus and Fannie Mae, and Counts III (violation of the Fair Debt Collection Practices Act ("FDCPA")), IV (violations of the Real Estate Settlement Procedures Act ("RESPA")), and V (violation of the Fair Credit Reporting Act ("FCRA")) against Seterus. (*Id.* ¶¶ 49–117). Accordingly, Defendants move to dismiss Plaintiff's Complaint.

## **LEGAL STANDARD**

### I.    **Federal Rule of Civil Procedure 12(b)(1)**

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The plaintiff, as the party asserting jurisdiction, bears the burden to establishing the federal court's authority to

hear the matter. *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993). An attack under Fed. R. Civ. P. 12(b)(1) may either assert a factual or facial challenge to the court's jurisdiction. *See Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006); *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). When a defendant facially attacks the Court's jurisdiction under Rule 12(b)(1), this type of challenge contests the adequacy of the language used in the pleading; the trial court must therefore construe the pleadings in a light most favorable to the plaintiff and presume all well-pleaded factual allegations in the complaint as true. *Gould*, 2201 F.3d at 176. Alternatively, when bringing a factual attack, the defendant contends that the facts on which the plaintiff's allegations rely are not true. *Id.* Therefore, the plaintiff's allegations do not benefit from a presumption of truthfulness. *Id.* The court, instead, must weigh the evidence in its discretion by taking into account affidavits, documents, and even limited evidentiary hearings. *Id.* Here, Defendants are bringing Motions under 12(b)(1) because it is the proper mechanism for raising the issue of whether immunity bars federal subject matter jurisdiction. *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 n.2 (3d Cir. 1996) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–100 (1984)).

## II. Federal Rule of Civil Procedure 12(b)(6)

To withstand a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to

a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

To determine the sufficiency of a complaint under *Twombly* and *Iqbal* in the Third Circuit, the court must take three steps: first, the court must take note of the elements a plaintiff must plead to state a claim; second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (citations omitted). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

## DISCUSSION

### I. *Rooker-Feldman*

Defendant moves to dismiss Counts I and II on the grounds that they are barred by the *Rooker-Feldman* doctrine. (ECF No. 14-3, at 6). Under the *Rooker-Feldman* doctrine, federal district courts are barred from hearing cases "that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). Put another way, a suit is barred under the *Rooker-Feldman* doctrine where "a favorable decision in federal court would require negating or reversing the state-court decision." *Id.* at 170 n.4 (citations omitted). The Third Circuit has explicitly held that federal courts are barred by the *Rooker-Feldman* doctrine from providing relief that would overturn a state court foreclosure

decision. *See, e.g., Gage v. Wells Fargo Bank, NA AS*, 521 F. App'x 49, 51 (3d Cir. 2013); *Manu v. Nat'l City Bank of Ind.*, 471 F. App'x 101, 105 (3d Cir. 2012).

In order for the *Rooker-Feldman* doctrine to apply, four requirements must be met: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral Co*, 615 F.3d at 166 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). "The second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim" and these requirements are "closely related." *Id.* at 166, 168.

Here, Plaintiff concedes that both the first and third prongs have been met. (ECF No. 19 at 23). Specifically, Plaintiff lost the foreclosure action in Bergen County State Court on February 22, 2017. (Compl. ¶ 43). Plaintiff filed this case on August 8, 2017, after she lost the foreclosure action. (*Id.*). Therefore, the first and third prongs have clearly been met.

The second and fourth prongs are also satisfied. The Third Circuit has assessed similar cases and held that the second and fourth prongs of the *Rooker-Feldman* test were met and that the doctrine barred jurisdiction. In *Gage v. Wells Fargo Bank*, the plaintiff, Gage, "defaulted on his mortgage, and Wells Fargo subsequently filed a foreclosure complaint in state court" which ruled in Wells Fargo's favor. 521 F. App'x at 50. Gage filed a subsequent complaint in federal court challenging the foreclosure judgment. *Id.* The district court granted Wells Fargo's motion to dismiss and held that the claims were barred under the *Rooker-Feldman* doctrine. *Id.* In affirming the decision, the Third Circuit held that all four prongs of the *Rooker-Feldman* test were satisfied and stated that:

5

> Gage cannot evade *Rooker-Feldman* by arguing on appeal that he was not injured by the foreclosure judgment, but rather by Wells Fargo's purportedly fraudulent actions. The complaint reveals the nature of Gage's claims against Wells Fargo: that the bank had no right to foreclose on the property and therefore committed "criminal acts" by enforcing the foreclosure judgment (Counts I and IV). These claims are in essence an attack on the state court judgment of foreclosure. . . . Accordingly, the claims against Wells Fargo were properly dismissed under the *Rooker-Feldman* doctrine.

*Id.* at 51.

For similar reasons, the Court finds that the second and fourth requirements are met here and that Counts I and II are barred by *Rooker-Feldman*. Even though Plaintiff frames her injuries as caused by Seterus' conduct, Counts I and II effectively complain of injuries caused by the Bergen County State Court's final judgment. (*See, e.g.*, Compl. ¶¶ 60–62, 76 (alleging that Seterus had no standing to collect on the debt because Seterus failed to apply Plaintiff's monthly payments); ¶¶ 63–66, 77 (arguing that Seterus' foreclosing on Plaintiff's home was inappropriate because Seterus improperly declared that Plaintiff was in default on the mortgage loan); ¶¶ 67–69, 82 (arguing that Seterus' foreclosure action constituted a breach of contract and that Fannie Mae is liable for the conduct of its agent Seterus)). It is thus "abundantly clear" that Plaintiff's Complaint is "in essence an attack on the state court judgment of foreclosure." *Gage*, 521 F. App'x at 51.

Adjudicating Plaintiff's claims would require this Court to impermissibly engage in appellate review of the foreclosure action. In particular, an adjudication of Plaintiff's breach of contract claims would challenge the validity of the foreclosure action itself. *See Ogbebor v. J.P. Morgan Chase, N.A.*, No. 16-3400 (FLW), 2017 U.S. Dist. LEXIS 14790, at *30 (D.N.J. Feb. 2, 2017) (stating that, while Plaintiff characterized their harm as relating to Defendant's conduct, the breach of contract claim implicitly challenges the validity of the mortgage and Defendant's right to foreclose, and thus seeks to attack the state court foreclosure judgment) (citing to *Siljee v. Atl.*

6

*Stewardship Bank*, No. 15-1762, 2016 U.S. Dist. LEXIS 63257, at *12 (D.N.J. May 12, 2016)). "This type of action is exactly what *Rooker-Feldman* is meant to prevent: an attempt to invalidate the final judgment of foreclosure . . . from a state court action in a separate federal court action." *Willoughby v. Zucker, Goldberg & Ackerman, LLC*, No. 13-7062 (FSH), 2014 U.S. Dist. LEXIS 81976, at *10 (D.N.J. June 16, 2014). For these reasons, the Court finds that it does not have jurisdiction over Plaintiff's breach of contract and breach of good faith and fair dealing claims. Therefore, Counts I and II against Seterus and Fannie Mae are hereby dismissed.

## II.  Fair Debt Collection Practices Act

To state a claim under the FDCPA, a plaintiff must allege that "(1) [she] is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014). An action under the FDCPA must be brought within one year from the date on which the alleged violation occurred. 15 U.S.C. § 1692k(d); *see also Destefano v. Udren Law Offices, P.C.*, No. 16-7559 (FLW), 2017 U.S. Dist. LEXIS 101081, at *21 (D.N.J. June 29, 2017). In this case, Seterus attempted to collect the debt by way of its April 19, 2016 letter declaring that Plaintiff was in default on the mortgage loan. (Compl. ¶ 37). Additionally, Plaintiff's Complaint was not filed until August 8, 2017. (*See id.*). As this record makes clear, Plaintiff's Complaint was filed more than a year after Seterus' letter, which was the source of the alleged violation. Therefore, Plaintiff's FDCPA claim is time barred and the Court hereby grants Defendants' Motion to Dismiss Count III.

### III. Real Estate Settlement Procedures Act

Under RESPA, a mortgage loan servicer who receives a qualified written request ("QWR") regarding a mortgage loan is obligated to both conduct a reasonable investigation and respond to the request. 12 C.F.R. § 1024.35(e). Under New Jersey law, a mortgage loan is extinguished once a judgment of foreclosure is entered. *Genid v. Fannie Mae*, No. 15-06787 (PGS), 2016 U.S. Dist. LEXIS 100896, at *10 (D.N.J. Aug. 2, 2016) (dismissing RESPA claim because the QWR and related communications occurred post-foreclosure) (citing *Va. Beach Fed. v. Bank of N.Y./Nat'l Cmty. Div.*, 299 N.J. Super. 181, 188 (App. Div. 1998)). Here, Plaintiff sent her QWR letter to Seterus in May 2017. (Compl. ¶ 48). This letter was sent after the foreclosure judgment, which was decided in February 2017. (*Id.* ¶ 43). Therefore, Seterus had no obligation to respond, because the mortgage loan was extinguished before Plaintiff sent the QWR letter. *See Genid*, 2016 U.S. Dist. Lexis at *10. For these reasons, the Court determines that Plaintiff has failed to state a claim under RESPA and dismisses Count IV.

### IV. Fair Credit Reporting Act

The Court need not analyze Count V, as Plaintiff has acknowledged that her FCRA claim is insufficient. (ECF No. 19 at 32). Plaintiff instead requests leave to amend Count V in order to correct this defect. (*Id.*). Rule 15(a)(2) provides that leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). "Leave shall be freely given in the absence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies in previous amendments, undue prejudice or futility of the amendment." *In re Caterpillar Inc.*, 67 F. Supp. 3d 663, 668 (D.N.J. 2014) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The Court does not find any evidence of "bad faith" or "undue delay" as this is Plaintiff's first request to amend, and she has not had many opportunities to litigate her claims up until this point. *See Glen*

8

*Ridge Surgicenter, LLC v. Horizon Blue Cross & Blue Shield of N.J.*, No. 08-6160 (JLL), 2011 U.S. Dist. LEXIS 138449, at *15 (D.N.J. Sep. 16, 2011). Accordingly, the Court shall dismiss Count V without prejudice to allow Plaintiff leave to amend her Complaint as to Count V in a manner that is consistent with and not otherwise precluded by the findings and conclusions reached by this Court in this opinion.

## CONCLUSION

For the aforementioned reasons, the Court grants Defendants' Motion to Dismiss Counts I, II, III, and IV with prejudice. Furthermore, the Court grants Defendants' Motion to Dismiss Count V without prejudice to allow Plaintiff leave to amend her Complaint. An appropriate order follows this opinion.

Dated: November 16, 2017

**JOSE L. LINARES**
Chief Judge, United States District Court