NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDUVIGIS PEREZ,<br><br>        Plaintiff,<br><br>v.<br><br>SETERUS, INC., *et al.*,<br><br>        Defendants. | Civil Action No.: 17-5862 (JLL)<br><br>**OPINION** |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of Plaintiff Eduvigis Perez's ("Plaintiff") Motion for Reconsideration. (ECF No. 22). Plaintiff asks the Court to reconsider the Opinion and Order dated November 16, 2017, in which the Court granted the Motion to Dismiss filed by Defendants Federal National Mortgage Association and Seterus, Inc. (collectively, "Defendants"). (ECF Nos. 20, 21). Defendants have submitted Opposition, (ECF No. 25), and Plaintiff submitted a reply thereto, (ECF No. 26). The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court denies Plaintiff's Motion for Reconsideration.

## BACKGROUND

The Court sets forth only those facts necessary for the current motion, as a more thorough examination of the facts was provided in the Court's November 16, 2017 Opinion. (*See* ECF No.

20 at 1–2). Plaintiff commenced this action on August 8, 2017, alleging that Defendants improperly declared Plaintiff in default after failing to account for payments she made on her mortgage. (*See* ECF No. 1). Defendants subsequently moved to dismiss Plaintiff's Complaint on September 14, 2017. (ECF No. 14). On November 16, 2017, this Court granted Defendants' Motion to Dismiss as to Plaintiff's claims for Breach of Contract ("Counts I and II"), Violation of the Fair Debt Collection Practices Act ("FDCPA") ("Count III"), Violation of the Real Estate Settlement Procedures Act ("RESPA") ("Count IV"), and Violation of the Fair Credit Reporting Act ("Count V"). (ECF No. 20 at 1; ECF No. 21). The Court dismissed Counts I and II as barred by the *Rooker-Feldman* doctrine, since there was a state court foreclosure judgment which found Plaintiff in default. (ECF No. 20 at 4–7). For Count III, the Court found that Plaintiff's FDCPA claim was time barred because she filed her Complaint on August 8, 2017, more than a year after Defendants' April 19, 2016 letter attempting to collect on the mortgage. (*Id.* at 7). The Court determined that Count IV was time barred because Plaintiff sent her qualified written request ("QWR") after the foreclosure judgment, which, under New Jersey law, extinguished the mortgage and Defendants' obligation to respond. (*Id.* at 8). Counts I through IV were dismissed with prejudice, while Count V was dismissed without prejudice to allow Plaintiff leave to amend her Complaint in a manner that was consistent with, and not otherwise precluded by, the Court's Opinion. (*Id.* at 9). Plaintiff now brings this Motion for Reconsideration as to Counts I through IV. (ECF No. 22)

## **LEGAL STANDARD**

Local Civil Rule 7.1(i) governs motions for reconsideration in this District. It requires a movant to set forth "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L.Civ.R. 7.1(i). To prevail on a motion for reconsideration,

the movant must show at least one of the following: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or to prevent manifest injustice.'" *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013) (quoting *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)).

The third prong requires "dispositive factual matters or controlling decisions of law" that were "brought to the court's attention but not considered." *Mason v. Sebelius*, Civil No. 11-2370 (JBS/KMW), 2012 U.S. Dist. LEXIS 106522, at *5 (D.N.J. July 31, 2012) (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)). A motion for reconsideration cannot be used merely to relitigate old matters or to present evidence that was already available to the Court during its initial consideration. *NL Indus., Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996) (citing Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2810.1). Furthermore, "[t]he fact that an issue was not explicitly mentioned by the court does not on its own entail that the court overlooked the matter in its initial consideration." *Morton v. Fauver*, Civil No. 97-5127 (RBK/JS), 2011 U.S. Dist. LEXIS 85805, at *19 (D.N.J. July 21, 2011) (citing *Ashton v. AT&T Corp.*, Civil Action No. 03-cv-3158 (DMC), 2006 U.S. Dist. LEXIS 4787, at *4–5 (D.N.J. Feb. 2, 2006)).

In other words, reconsideration is not warranted where "(1) the movant simply repeats the cases and arguments previously analyzed by the court; or (2) the movant has filed the motion merely to disagree with or relitigate the court's initial decision." *CPS MedManagement LLC v. Bergen Reg'l Med. Ctr., L.P.*, 940 F. Supp. 2d 141, 167–68 (D.N.J. 2013) (internal citations and quotations omitted). A motion for reconsideration is generally futile "[u]nless a court has truly failed to consider pertinent authorities or evidence that could not with reasonable diligence have been presented earlier." *Id.* at 168.

## DISCUSSION

Plaintiff raises two arguments, claiming there is a "need to correct a clear error of law or to prevent manifest injustice." *Wiest*, 710 F.3d at 128. In order to prevail, Plaintiff must show that "dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered." *Mason*, 2012 U.S. Dist. LEXIS 106522, at *5 (quoting *P. Schoenfeld Asset Mgmt. LLC*, 161 F. Supp. 2d at 353). Plaintiff's first argument is that the Court's dismissal of Counts I and II with prejudice was a misapplication of law because dismissal under *Rooker-Feldman* is jurisdictional and therefore Counts I and II should have been dismissed without prejudice. (ECF No. 22-3 at 3). However, the Court does not agree that the *Rooker-Feldman* doctrine requires dismissal without prejudice. None of the cases that Plaintiff relies on in her briefs involve the *Rooker-Feldman* doctrine. *See, e.g., Patel v. Allstate N.J. Ins. Co.*, 648 F. App'x 258, 262–63 (3d Cir. 2016) (stating that dismissal with prejudice was inappropriate when the District Court's decision was based on a lack of standing); *Goode v. City of Phila.*, 539 F.3d 311, 327 (3d Cir. 2008) (modifying the District Court's order of dismissal on standing grounds to the extent that "it will be with prejudice to the reinstitution of this action in the District Court but will be without prejudice to institution of a similar action in the state courts."); *In re Orthopedic "Bone Screw" Prods. Liab. Litig.*, 132 F.3d 152, 157 (3d Cir. 1997) (concluding that the District Court could not dismiss the case with prejudice for failure to comply with discovery orders because there was no federal question or diversity jurisdiction over the case); *Korvettes, Inc. v. Brous*, 617 F.2d 1021, 1024–25 (3d Cir. 1980) (remanding the portion of the District Court's order that dismissed the case with prejudice, where the case was decided on mootness grounds).

In fact, the Third Circuit has affirmed cases that were dismissed with prejudice under the *Rooker-Feldman* doctrine. *See Bakshi v. Bergen Cty. Superior Court*, 687 F. App'x 215, 218 (3d

Cir. 2017) (concluding that, based on the *Rooker-Feldman* doctrine, "the District Court lacked subject-matter jurisdiction," and affirming "its orders dismissing Bakshi's claims with prejudice and denying reconsideration."); *Manu v. Nat'l City Bank of Ind.*, 471 F. App'x 101, 105 (3d Cir. 2012) (affirming the District Court's dismissal with prejudice on *Rooker-Feldman* grounds). Moreover, this Court has dismissed a number of cases with prejudice under the *Rooker-Feldman* doctrine. *See, e.g., Sanchez v. Select Portfolio Servicing, Inc.*, Civil Action No. 17-4091 (JLL), 2017 U.S. Dist. LEXIS 173751, at *10, 13 (D.N.J. Oct. 18, 2017); *Harris v. Am. Servicing Co.*, Civil Action No. 16-3643 (JLL)(JAD), 2016 U.S. Dist. LEXIS 148924, at *14 (D.N.J. Oct. 27, 2016). Based on this analysis, it does not appear that controlling precedent requires a case dismissed on *Rooker-Feldman* grounds to be dismissed without prejudice. In the absence of controlling case law to the contrary, the Court concludes that there was no clear error in dismissing Counts I and II with prejudice.

Plaintiff then argues that the Court's dismissal of Counts III and IV overlooked or misconstrued the evidence in the record, specifically two letters sent in 2017 and the accompanying RESPA regulations. (ECF No. 22-3 at 6–16). The Court reiterates its initial conclusion that Count III is time barred because the source of the FDCPA violation was an April 19, 2016 letter sent by Defendants over a year before Plaintiff filed her Complaint. (ECF No. 20 at 7). Furthermore, for Count IV the Court's November 16, 2017 Opinion concluded that Plaintiff's claim was time barred because Defendants' RESPA obligations were extinguished by the state foreclosure judgment. (*Id.* at 8 (citing *Genid v. Fannie Mae*, Civil Action No. 15-6787 (PGS)(LHG), 2016 U.S. Dist. LEXIS 100896, at *10 (D.N.J. Aug. 2, 2016))). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'"

*Database Am., Inc. v. Bellsouth Advert. & Publ'g Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993) (quoting *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990)).

The Court finds that Plaintiff fails to demonstrate that the Court's dismissal of Counts III and IV should be reconsidered. For example, Plaintiff argues that Count III is not time barred because Defendants sent two letters in June and July of 2017 (within the one year statute of limitations) which attempted to collect on the mortgage. (ECF No. 22-3 at 16). While the June and July 2017 letters indicate that they are from a debt collector, the letters are not attempts to collect on the debt, but rather Defendants' responses to Plaintiff's request for information. (ECF No. 1 at Exs. 8, 10 (starting each letter with "I am responding to correspondence to our office from your client" and "this correspondence is follow up to our correspondence . . . in regard to your client.")). Any additional evidence Plaintiff points to regarding the Court's decision on Count III is either vague or occurred outside the one year statute of limitations. (ECF 22-3 at 14–15 (restating the allegations in Plaintiff's Complaint and discussing her bankruptcy action and mortgage payments, which occurred prior to April 19, 2016)).

Plaintiff's argument for Count IV is that the Court should have considered 12 C.F.R. § 1024.35(g)(2), which would require Defendants to provide Plaintiff with notice that her QWR was untimely. (ECF No. 22-3 at 11). However, this regulation pertains to request for information made a year after a loan has been transferred or discharged. 12 C.F.R. § 1024.35(g)(1). The notice requirement is not applicable to this case because the mortgage loan was not transferred or discharged, but was instead foreclosed by a state court judgment. (ECF No. 1 ¶ 43). Therefore, the 2017 letters and 12 C.F.R. § 1024.35(g) do not affect the Court's initial conclusion that Plaintiff's claims were time barred.

Moreover, this evidence was previously available to, and considered by, the Court. The June and July 2017 letters originated from Plaintiff's Complaint, (ECF No. 1 at Exs. 8, 10), and Plaintiff first raised her argument regarding 12 C.F.R. § 1024.35(g) in her Opposition to Defendants' Motion to Dismiss, (ECF No. 19 at 29–30). The Court fully considered this evidence in forming its November 16, 2017 Opinion and decided that it was not sufficient for Counts III and IV to survive dismissal in light of the other evidence in the record, (*see* ECF No. 20 at 7–8). "The fact that an issue was not explicitly mentioned by the court does not on its own entail that the court overlooked the matter in its initial consideration." *Morton*, 2011 U.S. Dist. LEXIS 85805, at *19) (citing *Ashton*, 2006 U.S. Dist. LEXIS 4787, at *4–5). Instead of pointing to contradictory evidence that the Court may have overlooked, Plaintiff relies on her previous arguments "merely to disagree with or relitigate the court's initial decision," which is not enough to carry her burden on a motion for reconsideration. *CPS MedManagement LLC*, 940 F. Supp. 2d at 167–68. Accordingly, Plaintiff's Motion for Reconsideration is denied.

## CONCLUSION

For the aforementioned reasons, the Court hereby denies Plaintiff's Motion for Reconsideration. An appropriate Order follows this Opinion.

Dated: January 22nd, 2018

JOSE L. LINARES
Chief Judge, United States District Court